Bob KILLEBREW et al., Appellants,

v.

William BARTLETT, d/b/a Canadian Lumber Company, Appellee.

No. 8899.

Court of Civil Appeals of Texas, Amarillo.

July 10, 1978.

Sims, Hayes & Lasley, M. Kent Sims, Wheeler, for appellants.

Jackson & Holder, Floyd D. Holder, Jr., Canadian, for appellee.

ROBINSON, Chief Justice.

This appeal is from the portion of a judgment denying recovery on a cross action in which it is alleged that plaintiff had charged defendants usurious interest. Affirmed.

William Bartlett d/b/a Canadian Lumber Company sued defendants, Bob Killebrew, Wilbur Killebrew, and Flavius C. Killebrew on a sworn account. Plaintiffs' Amended Original Petition contains an allegation that the terms of the sale included an agreement to pay interest on the unpaid balance of the account at the rate of one and one-half percent each month. By that pleading plaintiff prayed for judgment for the unpaid balance of the account, interest at one and one-half percent per month from December 3, 1974, (the date of the last payment on the account), attorneys fees, and costs. This Amended Original Petition was superseded by Plaintiffs' Second Amended Petition, in which the prayer for one and one-half percent per month was omitted and plaintiffs prayed instead for ten percent per annum from December 3, 1974.

Defendants answered Plaintiffs' Second Amended Petition and brought a cross action alleging that plaintiffs' suit was "based upon an instrument which would constitute a charge of usurious interest under the laws of the State of Texas." Defendants alleged that they were entitled to the penalties set out in Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 and prayed for recovery of twice the amount of interest charged to defendant and reasonable attorneys fees. The relevant portion of art. 5069–1.06 provides:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

With exceptions not applicable to the case before us, the maximum permissible rate of interest is ten percent per annum. Tex. Rev.Civ.Stat.Ann. art. 5069–1.02.

The case was tried to a jury which found in response to special issues that plaintiff had not charged defendants interest in excess of ten percent per annum upon its

claim. Defendants challenge the legal and factual sufficiency of the evidence to support the jury answers and assert that the record establishes as a matter of law that usurious interest was charged by plaintiff. Defendant has no point of error contending that usurious interest was contracted for or received. Only the question of whether plaintiff actually charged defendants usurious interest is before us.

Defendants contend that the invoice form used by plaintiff in invoicing and billing the goods in question establishes that plaintiff charged usurious interest. The invoices were on a printed form with the following language at the bottom:

"1½% Charged Each Month on Your Unpaid Balance 30 Days After Purchase, 50¢ Minimum Charge"

Although the manager of plaintiff Lumber Company testified that the company used this form as a ticket for merchandise, he also testified that it did not intend to charge interest on the account in question and customarily did not charge any interest whatsoever on delinquent accounts. The evidence shows that no amount for interest was ever added to the bills sent to the defendants and that no interest was charged to the defendants' account on the books of the company.

 It should be noted that the superseded Amended Original Petition in which plaintiff prayed for interest at one and one-half percent per month was not offered in evidence. Thus, the prayer was not before the jury for consideration. Although the prayer for interest at one and one-half percent per month in the superseded pleading could have been offered as evidence of a demand for usurious interest, it was not binding on plaintiff as a formal judicial admission waiving evidence on the point. *See, Hughes v. Fort Worth Nat. Bank*, 164 S.W.2d 231, 232 (Tex.Civ.App. 1942, writ ref'd) and 2 McCormick & Ray, Texas Evidence § 1146 (2d ed. 1956).

In contending that the facts before us show a charge of usurious interest, defendant relies on *Windhorst v. Adcock*, 547 S.W.2d 260 (Tex. 1977), a case in which the creditor unilaterally charged to its customer's open account a one and one-half percent per month finance charge. There the Supreme Court pointed out that the Legislature had described the conditions precedent to recovery under Art. 5069–1.06, *i.e.*, a contract for, charge of *or* receipt of usurious interest, in the disjunctive. The Court held that the charge of usurious interest alone was sufficient to trigger the statutory penalties. The opinion in *Windhorst* does not control the facts before us. In *Windhorst* the creditor actually added an amount for interest to the account each month and demanded payment.[1] In the case before us no amount of interest was added to the account and the evidence does not show any demand for the payment of usurious interest.

We conclude that the defendant has not established as a matter of law that plaintiff charged usurious interest. After considering all of the evidence, we do not find that the refusal of the jury to find that plaintiff charged interest in excess of ten percent per annum was against the great weight and preponderance of the evidence.

Each of appellant's points of error is overruled. The judgment of the trial court is affirmed.

---

1. See lower court opinion at 542 S.W.2d 222 (Tex.Civ.App.—Waco 1976) *rev'd* 547 S.W.2d 260 for a statement of the facts.