THOMAS CONVEYOR COMPANY, INC., Appellant,

v.

PORTEC, INC., Appellee.

No. 5840.

Court of Civil Appeals of Texas, Waco.

Sept. 14, 1978.

Rehearing Denied Oct. 31, 1978.

James B. Barlow and Elliott S. Garsek, Barlow, Gardner & Tucker, Fort Worth, for appellant.

Robert G. West, McGown, Godfrey, Decker, McMackin, Shipman & McClane, Fort Worth, for appellee.

## OPINION

McDONALD, Chief Justice.

Plaintiff (appellee) Portec, Inc. sued defendant (appellant) Thomas Conveyor Company, Inc., to recover an asserted balance due on materials furnished by Portec to Thomas.

Thomas manufactures industrial conveyors; Portec manufactures sprockets, chains and other items used by Thomas in its finished product. Thomas would telephone Portec for a "quote" on materials; then place a "purchase order" to Portec based on such "quote". Delivery dates were several months later. Upon delivery of items Portec charged a greater amount than the "quote" and "purchase order" price, based on increased cost to it of raw materials and labor.

Thomas answered that the contract of the parties was that it was to pay the "purchase order" amount; and in any event no more than a 5% to 10% increase over such amount; and counterclaimed that Portec charged it usurious interest by affixing a sticker to its invoices which read "Our terms are 30 days net—1½% per month finance charge applicable thereafter". No such finance charge was ever billed to Thomas, accrued on Portec's books, or ever paid by Thomas or received by Portec.

Trial was to a jury which found that Thomas agreed to pay Portec the "purchase order" price plus 5% to 10%; and found reasonable attorney's fees for Portec to be $14,000. plus $2000. if the case goes to the Court of Civil Appeals, plus $2000. if the case goes to the Supreme Court.

The trial court rendered judgment on such verdict for plaintiff for $30,552.85 due on the purchases of materials; $5,512.93 prejudgment interest (from dates invoices should have been paid); interest on the judgment; plus $18,000. for attorney's fees (provided a $2000. credit if the case not go to the Supreme Court, and $2000. additional credit if the case not go to the Court of Civil Appeals). The trial court further decreed defendant Thomas take nothing on its counterclaim for usury.

Defendant (appellant) appeals on 3 points contending:

1) The trial court erred in denying defendant recovery of interest and penalties for charged usurious interest under Article 5069–1.06 VATS.

2) The trial court erred in allowing plaintiff attorney's fees.

3) The trial court erred in allowing plaintiff prejudgment interest, and post judgment interest on the prejudgment interest.

Plaintiff (appellee) by cross-point asserts the trial court erred in failing to enter judgment for it for the remaining balance on the "invoice price" of the goods, since as a matter of law the "invoice price" was the agreed price of the goods.

■ Defendant's point 1 asserts the plaintiff charged it usury under Article 5069–1.06.

Article 5069–1.06 provides that any person who "contracts for, charges or receives" interest in excess of the amount authorized by law shall be liable for the penalties set forth in the article.

And *Windhorst v. Adcock Pipe and Supply*, Tex., 547 S.W.2d 260 holds the language "contracts for, charges or receives interest" is in the disjunctive, and that only one such condition need occur to trigger penalties.

On most of plaintiff's invoices to defendant plaintiff affixed a red "label" or "sticker" duplicated as follows:

> OUR TERMS ARE 30 DAYS
> NET – 1½% PER MONTH
> FINANCE CHARGE APPLI-
> CABLE THEREAFTER

Defendant contends the affixing of such legend constitutes a charge of interest within the meaning of *Windhorst*.

In *Windhorst* the buyer was actually billed and charged the purchaser for the finance charges. As noted, defendant herein did not bill for any interest, or demand payment for same, and never accrued a finance charge on its books. The evidence was that plaintiff attached the sticker to invoices to encourage customers to pay their bills, and that no action was ever taken to actually charge or collect such finance charge. We conclude with the trial court that the affixing of such label to the invoices does not as a matter of law constitute a usurious "charge". *Killebrew et al. v. Bartlett D/B/A Canadian Lbr. Co.*, Tex. Civ.App. (Amarillo) 568 S.W.2d 915; in an identical factual situation holds that the legend on an invoice "1½% charged each month on your unpaid balance 30 days after purchase, 50¢ minimum charge" does not establish as a matter of law that plaintiff charged usurious interest.

■ Contention 2 asserts the trial court erred in allowing plaintiff attorney's fees.

Article 2226 VATS provides: "Any * * corporation * * having a valid claim against a * * corporation * * for material furnished * * may present the same to such * * corporation * * and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. * * ".

All requirements of the statute have been met. Both parties are corporations, the claim was for material furnished. Plaintiff presented its claim more than 30 days prior to filing suit, and the claim was not paid. Plaintiff is represented by attorneys and obtained judgment on its claim. *Pacific Coast Engineering Co. v. Trinity Construction Co.*, Tex.S.Ct., 481 S.W.2d 406; *Ganda, Inc. v. All Plastics Molding, Inc.*, Tex.Civ. App. (Waco) NRE, 521 S.W.2d 940.

■ Contention 3 asserts the trial court erred in awarding prejudgment interest and post judgment interest on the prejudgment interest.

The trial court awarded plaintiff prejudgment interest on the amounts it found to be owed from the dates such amounts should have been paid; and allowed post judgment interest on such prejudgment interest.

When a definite sum of money is determined to have been due and payable at a date certain prior to judgment, the legal rate of interest is allowable thereon from such date to the date of judgment. And interest is allowable by law on the judgment from the date obtained until it be paid. *Phillips Petroleum Co. v. Stahl Petroleum Co.*, Tex., 5C9 S.W.2d 480 (1978).

■ Plaintiff's cross-point asserts the trial court erred in failing to render judgment for the balance of the "invoice price" of the goods delivered.

Plaintiff sued for the "invoice price" of the goods. Defendant contended it owed only the "quote" and "purchase order" price; and in any event no more than 5% to 10% more than the "quote" and "purchase order" price.

All of plaintiff's forms contained a provision that prices were subject to change from the "quote" price. Defendant's forms contained a provision that prices could not be changed without its approval. Both parties' forms contained provisions that the terms of the printed forms could not be altered without express agreement of the respective parties. There is evidence that both parties knew that prices would be raised from the "quote" or "purchase order" price if costs of production increased; that deliveries were scheduled a number of months following the "quote" or "purchase order"; that both parties knew this; and that representatives of both parties agreed that for the material here involved the agreed price would not exceed 5% to 10% over the "quote" or "purchase order" price.

The jury found the agreed price to be the "purchase order" price plus 5% to 10%; that the agreed price was not the price at time of delivery; and did not answer an issue submitted inquiring if the agreed price was the "purchase order" price, because it was submitted conditionally on answers to the preceding issues.

Defendant's points and plaintiff's cross-point are overruled.

AFFIRMED.