**C. L. TYRA, Appellant,**

v.

**BOB CARROLL CONSTRUCTION CO., Appellee.**

**No. 7094.**

Court of Civil Appeals of Texas, El Paso.

June 10, 1981.

Rehearing Denied July 15, 1981.

Leeton & Leeton, James R. Leeton, Jr., Midland, for appellant.

Bobo & Pipes, J. A. (Jim) Bobo, Odessa, for appellee.

OPINION

OSBORN, Justice.

This case involves the question of whether usurious interest was "charged" on an account for services rendered. The trial Court found such interest was not charged and allowed recovery on the account and for attorney's fees and denied the counterclaim for penalties allowed by the usury statute. We affirm.

Bob Carroll Construction Company performed services for C. L. Tyra in April, May and June, 1978. The total charges as reflected on eight different invoices totaled $1,747.50. There is no dispute about the services rendered or the amount charged. When the invoices were not paid, a demand letter was written November 1, 1978, seeking immediate payment for the full amount of the account. Another letter was written on March 23, 1979, by the attorney who eventually filed suit, advising that if payment of $1,747.50 was not received within approximately two weeks, suit would be filed. Suit was filed on October 29, 1979, in which a recovery was sought for $1,747.50 due on the account, plus interest at one and one-half percent per month from August, 1978, and $582.50 for attorney's fees.

Appellant filed a motion for dismissal, original answer and counterclaim. In the counterclaim, he asserted that by charging interest in excess of double the amount allowed by law under Article 5069, Tex.Rev. Civ.Stat.Ann., he was entitled to the penalties provided for in Article 5069–1.06(1) and (2), Tex.Rev.Civ.Stat.Ann., including three times the amount of the usurious interest charged, reasonable attorney's fees and forfeiture of the debt. The Appellee filed an answer to the counterclaim denying it had ever claimed interest on its accounts, and then amended its petition to delete the claim for interest.

Upon trial of the case, Appellee offered in evidence the invoices for services rendered which showed there were no charges for interest. It offered the two letters demanding payment of the account, neither of which claimed any interest was charged or due on the account. The accounts receivable ledger for this account reflected a balance of $1,747.50 with no charge for interest. Mr. Thomas, the Appellee's comptroller, identified all these exhibits and said they were correct and that the Company

never charged any interest on any of its accounts. He testified the original petition was in error in seeking recovery for interest on this account.

Mr. Bobo, the attorney who filed the suit, testified that he was not told to make any claim for interest, and that it was an error on his part when he included such claim in the original petition.

The trial Court found there was no charge of interest and that it was included in the petition by accidental and bona fide error.

■ The Appellant presents three points of error, asserting that the trial Court erred in failing to find Appellee charged usurious interest, in finding an accidental and bona fide error, and in finding such error to be a defense to the penalties provided for in Article 5069–1.06(2). We agree with the contention in the third point that "accidental and bona fide error" is no defense to the penalty imposed by Article 5069–1.06(2) where interest charges are in excess of double the amount of interest allowed by law, and we would sustain such point if we concluded that interest was charged in this case, but we conclude otherwise.

In the last few years, there have been numerous cases passing on the issue of whether or not interest has been "charged." *See*: Dorsaneo, *Creditor and Consumer Rights*, 33 Sw.L.J. 265 at 281 (1979), and 34 Sw.L.J. 253 at 270 (1980). The Texas Supreme Court in *Windhorst v. Adcock Pipe and Supply*, 547 S.W.2d 260 (1977), held that "charging" of interest in excess of that permitted by law triggered the penalty provisions of Article 5069–1.06 regardless of whether or not such interest was actually collected.

In *Carr Well Service, Inc. v. Skytop Rig Company*, 582 S.W.2d 500 (Tex.Civ.App.—El Paso 1979, writ ref'd n. r. e.), this Court imposed the penalty provided in Article 5069–1.06(1) where the invoice included a charge for interest at one and one-half percent per month on an account for labor and materials. In that opinion, we noted that the appellee's own pleading charged interest, but in that case there was no contention made that interest had not been charged

and the pleading seeking such recovery was never withdrawn.

In a later case where the pleading was withdrawn by a subsequent amendment, *Nationwide Financial Corporation v. English*, 604 S.W.2d 458 (Tex.Civ.App.—Tyler 1980, writ granted), Justice Moore held that the original pleading which sought usurious interest constituted a "charge" for interest which could not be avoided by an amended pleading which made no such claim. That opinion does note that there was "nothing in the original counterclaim showing that Nationwide offered to rebate any of the unearned finance charge" which resulted in the usurious interest claim.

*Moore v. Sabine National Bank of Port Arthur*, 527 S.W.2d 209 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.), also upheld a claim that usurious interest had been charged, but in that case the pleading was never amended and the "charge" for interest also appeared in the creditor's notice of intention to repossess and its affidavit for sequestration.

Somewhat different results have been reached in other cases. In *Killebrew v. Bartlett*, 568 S.W.2d 915 (Tex.Civ.App.—Amarillo 1978, no writ), the lumber company invoices had printed on them a notation that there was a one and one-half percent charge each month on the unpaid balance. In holding that this did not constitute a "charge" for interest, the Court said:

The opinion in *Windhorst* [*v. Adcock*, Tex., 547 S.W.2d 260] does not control the facts before us. In *Windhorst* the creditor actually added an amount for interest to the account each month and demanded payment. In the case before us no amount of interest was added to the account and the evidence does not show any demand for the payment of usurious interest. [Footnote omitted].

We conclude that the defendant has not established as a matter of law that plaintiff charged usurious interest. After considering all of the evidence, we do not find that the refusal of the jury to find that plaintiff charged interest in excess of ten percent per annum was

against the great weight and preponderance of the evidence.

That holding was followed in *Thomas Conveyor Company, Inc. v. Portec, Inc.*, 572 S.W.2d 361 (Tex.Civ.App.—Waco 1978, no writ). In that case, the invoices had affixed a sticker stating the terms of the account included a one and one-half percent per month finance charge. The Waco Court, in following the Amarillo Court, noted that the defendant did not bill for any interest, and never made a demand for same, and never accrued a finance charge on its books.

 In our case, the issue to be resolved is whether the trial Court's finding that no usurious interest was charged can be upheld. We conclude that it can. The evidence before the trial Court to support its finding consisted of (1) eight invoices without any charge for interest, (2) an accounts receivable ledger which reflected no charge for interest, and (3) two demand letters which made no claim for interest. In addition, the comptroller testified that the Company never charged interest on its accounts. The only evidence to the contrary was the superseded pleading. As noted in 1A Ray, Texas Law of Evidence, sec. 1146 at 297 (1980), "[w]hen a pleading is abandoned, superseded or amended it disappears from the record as a formal judicial admission and is, of course, no longer binding on the pleader in the sense that he is prevented from disputing the facts contained therein." In *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956), the Court noted that "an admission against interest in an abandoned pleading may be used in evidence against the pleader, but is not conclusive." In *Hackney v. Johnson*, 601 S.W.2d 523 (Tex.Civ.App.— El Paso 1980, writ ref'd n. r. e.), this Court recognized that pleadings, like other evidence, normally are not conclusive, but only part of the entire record to be weighed by the trier of the facts. Based on all the evidence before the Court, including the abandoned pleading, the exhibits and the testimony of the two witnesses, we conclude there is sufficient evidence to support the trial Court findings and the Court did not err in failing to find Appellee charged usurious interest on this account. Point of

Error One is overruled. Points of Error Two and Three are moot.

The judgment of the trial Court is affirmed.