Frank WHITE, Sr. d/b/a White Well Service, Appellant,

v.

GROCO CORPORATION, Appellee.

No. 11–89–113–CV.

Court of Appeals of Texas, Eastland.

Jan. 11, 1990.

Rehearing Denied Feb. 8, 1990.

J. Edward Sartain, Kollin Shadele, Abilene, for appellant.

Allen Glenn, Abilene, for appellee.

DICKENSON, Justice.

An oil field service contractor [Frank White, Sr. d/b/a White Well Service] sued

one of its customers, the operator of an oil and gas lease [Groco Corporation], when the customer failed to pay an invoice for $10,715.44 for services rendered. The customer claimed that these services were not performed in a good and workmanlike manner. The customer also filed a counterclaim in which it alleged that the service contractor had "made or implied a demand" for interest at a usurious rate, seeking forfeiture of the principal plus three times the usurious interest which the customer alleged had been charged by implication and attorney's fees. See TEX.REV.CIV. STAT.ANN. art. 5069-1.06 (Vernon 1987). Following a jury trial, judgment was rendered that the service contractor take nothing on its claim for $10,715.44 and that the customer recover judgment on its counterclaim for the sum of $17,500.65 plus attorney's fees. The service contractor appeals. We reverse and render.

The jury resolved the factual disputes on the claim for services in the service contractor's favor by answering Special Issues Nos. 1, 2, and 4 as summarized below:

### Special Issue 1

The balance due and owing by Groco Corporation to Frank White d/b/a White Well Service is $10,715.44.

### Special Issue 2

A reasonable attorney's fee for Frank White's attorney would be: $3,100 for preparation and trial; $1,500 for an appeal to the Court of Appeals; and $1,500 for an appeal to the Supreme Court of Texas.

### Special Issue 4

The jury refused to find that the work done by the employees of Frank White was "not done in a good and workmanlike manner," rejecting Groco's affirmative defense.

The jury answered the counterclaim issues by answering Special Issues Nos. 3 and 5 as summarized below:

### Special Issue 3

The invoice [from White Well Service to Groco Corporation dated 5/22/85] "made or implied a demand for payment of interest at 1½% per month on accounts more than thirty days overdue."

### Special Issue 5

A reasonable attorney's fee for Groco Corporation's attorney would be: $—0— for preparation and trial; $—0—for an appeal to the Court of Appeals; and $—0 —for an appeal to the Supreme Court of Texas.

Appellant presents seven points of error in which he argues: (1) as a matter of law, the invoice notation alone is not a charging of usurious interest; (2) there was no evidence of a charge of usurious interest; (3) the evidence was factually insufficient to support the jury's answer to Special Issue No. 3; (4) the jury's answer to Special Issue No. 3 is against the great weight and preponderance of the evidence; (5) the trial court erred in disregarding the jury's answers which favored appellant; (6) the trial court erred in awarding attorney's fees to appellee contrary to the jury's answers; and (7) the trial court erred by not submitting the timely requested issue on good faith mistake and accident. We sustain the first two points of error, and the other points need not be discussed.

The invoice from White Well Service which was sent to Groco Corporation was dated May 22, 1985, for services rendered from April 25 through May 18, showing a total amount due of $10,715.44 (including the sales tax of $424.44). The invoice contained this printed notation:

1½% per month will be added to any unpaid balance 30 days or more overdue.

No other invoices were ever sent, and the service contractor never made any demand for the payment of interest prior to the filing of this lawsuit. Even the demand letter which was sent to Groco Corporation on March 21, 1986, by the service contractor's attorney asks only for payment of:

[Y]our account owed to White Well Service in the amount of $10,715.44.

The lawsuit seeks payment of the account in the amount of $10,715.44 plus attorney's fees and:

> [I]nterest at the rate of six percent (6%) per annum commencing on the thirtieth (30th) day from and after the time when the sums ... become due and payable.

■ The customer admits that the only basis of his counterclaim for usury is the printed notation which was contained on the original invoice. That invoice was sent before the account was overdue. At most, that printed notation was a warning that interest would be added at some time in the future if the invoice was not paid within 30 days. The record is clear that there was no charging of usurious interest on this account. We agree with the reasoning in *Thomas Conveyor Company, Inc. v. Portec, Inc.,* 572 S.W.2d 361 (Tex.Civ.App.—Waco 1978, no writ), and *Killebrew v. Bartlett,* 568 S.W.2d 915 (Tex.Civ.App.—Amarillo 1978, no writ). In those cases, the trial court had refused to impose usury penalties on virtually identical facts. In this case, the trial court imposed usury penalties. When the facts are the same, the results should be the same.

In *Killebrew,* the creditor had sent an invoice on a printed form which contained the following printed notation:

> 1½% Charged Each Month on Your Unpaid Balance 30 Days After Purchase, 50¢ Minimum Charge.

The Amarillo Court stated, 568 S.W.2d at 917:

> In the case before us no amount of interest was added to the account and the evidence does not show any demand for the payment of usurious interest.

In *Portec,* the creditor attached a red sticker on its invoices to the debtor which stated:

> OUR TERMS ARE 30 DAYS NET—1½% PER MONTH FINANCE CHARGE APPLICABLE THEREAFTER.

The Waco Court stated: 572 S.W.2d at 363:

> [D]efendant herein did not bill for any interest, or demand payment for same.... [N]o action was ever taken to actually charge or collect such finance charge. We conclude with the trial court

that the affixing of such label to the invoices does not as a matter of law constitute a usurious "charge."

The cases relied upon by appellee are factually distinguishable. In *Moore v. Sabine National Bank of Port Arthur,* 527 S.W.2d 209 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.), the creditor demanded payment of an unearned finance charge. In *Mecey v. Seggern,* 596 S.W.2d 924 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.), the creditor's testimony and his memo showed that he demanded the payment of interest above that allowed by law. In *Williams v. Back,* 624 S.W.2d 272 (Tex. App.—Austin 1981, no writ), the opinion notes that the facts are different from those in *Portec* and *Killebrew.*

The judgment of the trial court is reversed, and judgment is rendered that Frank White, Sr. d/b/a White Well Service recover judgment against Groco Corporation for the sum of $10,715.44 plus interest at the rate of 6 percent per annum from June 21, 1985, until December 19, 1988, plus attorney's fees in the amount of $4,600, and post-judgment interest at the rate of 10 percent per annum until paid.

Reversed and rendered.