COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MARINA MARTINEZ,


 Appellant,


v.


MIDLAND CREDIT MANAGEMENT,

INC.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00031-CV



Appeal from the


346th District Court


of El Paso County, Texas


(TC#2006-675)



O P I N I O N


 Appellant, Marina Martinez, appeals the trial court's grant of summary judgment in favor of
Appellee, Midland Credit Management, Inc. ("Midland"). Because Midland's summary judgment
evidence does not establish that there are no genuine issues of material fact as a matter of law, we
reverse the judgment of the trial court and remand this case.

BACKGROUND


 Midland brought suit against Martinez on February 9, 2006, (1) to recover on a debt allegedly
owed by Martinez. Midland alleged that it "and/or its Predecessor" extended credit to Martinez for
the purchase of one or more items of goods, wares, merchandise, or services or for cash advances. 
Midland alleged that Martinez accepted the credit extended by making charges on the credit card
account. Midland attached an affidavit to its petition that contained an exhibit which Midland stated
was "[a] brief summary of the account." Midland alleged that "[t]his account represents a summary
total of a transaction or series of transactions of which a systematic record has been kept." The
affidavit does not contain the printed name of the affiant, but appears to have been signed "E. Mart"
(the "Mart Affidavit"). The attached exhibit contains what appears to be a computer-generated,
single-page document that includes Martinez's name, address, an account number, and a balance of
$2,076.74. Midland further alleged that Martinez defaulted in making payments on the debt
incurred, that it had demanded payment from Martinez, and that the balance, after all offsets, credits,
and payments, was $2,076.74. Midland sought judgment in the amount of the debt, plus attorney's
fees, pre-judgment interest, post-judgment interest, and costs of court.

 On March 20, Martinez, representing herself, filed an answer, which was handwritten in
Spanish, but she did not serve a copy on Midland. At a default hearing on September 6, the trial
court and counsel for Midland realized for the first time that there was an answer on file. On
October 4, Midland filed its Motion for Summary Judgment. Midland listed an "Affidavit of a
representative of the Plaintiff" and an "Affidavit of an attorney for Plaintiff" as evidence supporting
summary judgment. Midland summarized the evidence as follows:

 a. Plaintiff testifies through the Affiant on the affidavit on file here that a total
balance of $2076.74 is due and payable to Plaintiff by Defendant.

 

 b. Plaintiff testifies through said Affiant that the total amount of the account is
due Plaintiff by Defendant and all just and lawful offsets, payments, and credits have
been allowed.

 

 c. Plaintiff testifies through said Affiant that though demand for payment has
been made on Defendant, payment for the amount owing has not been tendered.

 


 d. Plaintiff testifies through the attached affidavit by an attorney as to the issue
of reasonable and necessary attorney's fees.


The affidavit of Midland's attorney concerning reasonable and necessary attorney's fees was,
however, the only affidavit attached to the motion.

 On October 18, Martinez and Midland's attorney attended a status hearing. The trial court
cautioned Martinez to retain or consult with counsel and advised her to seek pro bono legal services,
if she did not have the money to hire an attorney. The trial court also notified Martinez of the time
and date of the hearing on Midland's motion for summary judgment. Martinez obtained counsel and
filed objections to Midland's summary judgment evidence and a response. Martinez objected to the
Mart Affidavit on the grounds that it was not attached to Midland's motion, was defective for lack
of personal knowledge, was based on hearsay, and was conclusory. Martinez also argued in her
response that Midland failed to present any evidence that it had an agreement with her or that it
owned the account in question. Martinez also filed an amended answer that contained a general and
verified denial of Midland's claim. (2)

 The trial court granted Midland's motion for summary judgment and awarded it $2,076.74
in damages, $486.81 in pre-judgment interest, post-judgment interest at 8.25 percent, $311.51 in
attorney's fees, and costs of court. Martinez moved for a new trial, based on many of the same
arguments that she had asserted in her summary judgment response and objections. The trial court
denied the motion. On appeal to this Court, Martinez argues that the summary judgment evidence
was legally and factually insufficient to support judgment in favor of Midland. Martinez asks this
Court to reverse and render judgment in her favor, or alternatively, to reverse and remand this case
to the trial court.

DISCUSSION


 A. Standard of Review

 We review a summary judgment de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005); Bowen v. El Paso Elec. Co., 49 S.W.3d 902, 904 (Tex. App.--El Paso 2001, 
pet. denied). To prevail on a summary judgment motion, the movant must establish that there are
no genuine issues of material fact issue and that it is entitled to judgment as a matter of law. See
Tex. R. Civ. P. 166a(c). Once the movant establishes a right to judgment as a matter of law, the
burden shifts to the non-movant to produce evidence raising a genuine issue of material fact. Id.;
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). We take as true
all competent evidence favorable to the non-movant, and we indulge every reasonable inference and
resolve any doubts in the non-movant's favor. Southwestern Elec. Power Co. v. Grant, 73 S.W.3d
211, 215 (Tex. 2002) (citing Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997)). 
Where the trial court's grant of summary judgment does not state the grounds upon which it relied
for its ruling, the summary judgment must be affirmed if any of the theories advanced is meritorious. 
Aguilar v. Morales, 162 S.W.3d 825, 835 (Tex. App.--El Paso 2005, pet. denied) (citing Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989)).

 B. The Mart Affidavit

 Martinez argues that the Mart Affidavit is defective because it is not based on personal
knowledge and because it fails to meet the requirements of the hearsay exception contained in Texas
Rule of Evidence 803(6). The Mart Affidavit recites that the affiant is "personally acquainted with
the facts herein stated." The affidavit further recites:

 2. I am employed by Plaintiff, and I am custodian of the records of
Plaintiff. Attached hereto are [sic] 1 page of records kept by Plaintiff in the regular
course of business concerning account(s) # 4405600400097218. It was the regular 
business of Plaintiff and/or its Predecessor for an employee of Plaintiff and/or its
Predecessor, with knowledge of the act, event, condition, opinion, or diagnosis
recorded; and the record was made at or near the time of the event recorded or
reasonable [sic] soon thereafter. The records attached hereto are exact duplicates of
the originals.


 3. These records show that a total balance of $ 2076.74 is due and
payable to Plaintiff by Defendant(s).

 The Rules of Civil Procedure require that "[s]upporting and opposing affidavits shall be
made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall
show affirmatively that the affiant is competent to testify to the matters stated therein." See Tex. R.
Civ. P. 166a(f). The Rules of Evidence, however, provide the following hearsay exception:

 A memorandum, report, record, or data compilation, in any form, of acts,
events, conditions, opinions, or diagnoses, made at or near the time by, or from
information transmitted by, a person with knowledge, if kept in the course of a
regularly conducted business activity, and if it was the regular practice of that
business activity to make the memorandum, report, record, or data compilation, all
as shown by the testimony of the custodian or other qualified witness, or by affidavit
that complies with Rule 902(10), unless the source of information or the method or
circumstances of preparation indicate lack of trustworthiness. "Business" as used in
this paragraph includes any and every kind of regular organized activity whether
conducted for profit or not.


Tex. R. Evid. 803(6).

 We have held that:

 The predicate for admissibility under the business records exception is established
if the party offering the evidence establishes that the records were generated pursuant
to a course of regularly conducted business activity and that the records were created
by or from information transmitted by a person with knowledge, at or near the time
of the event.


Brooks v. Housing Auth. of City of El Paso, 926 S.W.2d 316, 321 (Tex. App.--El Paso 1996, no
writ).

 Business records that have been created by one entity, but which have become another
entity's primary record of the underlying transaction may be admissible pursuant to rule 803(6).
Garcia v. Dutcher Phipps Crane & Rigging Co., No. 08-00-00387-CV, 2002 WL 467932, at *1
(Tex. App.--El Paso March 28, 2002, pet. denied) (mem. op., not designated for publication); see
also GT & MC, Inc. v. Texas City Refining, Inc., 822 S.W.2d 252, 257 (Tex. App.--Houston [1st
Dist.] 1991, writ denied) (invoices received from outside vendors were admissible upon testimony
by custodian of records as to the procedure by which the invoices became the company's business
records). In addition, a document can comprise the records of another business if the second
business determines the accuracy of the information generated by the first business. Id.; see also
Duncan Dev., Inc. v. Haney, 634 S.W.2d 811, 812-13 (Tex. 1982) (subcontractors' invoices became
integral part of builder's records where builder's employees' regular responsibilities required
verification of the subcontractor's performance and verification of the accuracy of the invoices);
Cockrell v. Republic Mortgage Ins. Co., 817 S.W.2d 106, 112-13 (Tex. App.--Dallas 1991, no writ)
(testimony by employees of mortgage insurer that documents received from a loan servicer were kept
in the ordinary course of business and formed the basis for an insurance payment satisfied the
requirements of rule 803(6)).

 Although rule 803(6) does not require the predicate witness to be the record's creator or have
personal knowledge of the content of the record, the witness must have personal knowledge of the
manner in which the records were prepared. In re K.C.P., 142 S.W.3d 574, 578 (Tex. App.--Texarkana 2004, no pet.). Documents received from another entity are not admissible under rule
803(6), if the witness is not qualified to testify about the entity's record keeping. See Powell v.
Vavro, McDonald, & Assoc., L.L.C., 136 S.W.3d 762, 765 (Tex. App.--Dallas 2004, no pet.)
(custodian of records for travel agency was not qualified to testify as to records received from third-party company, showing credits to customers' credit card account). In this case, the affiant does not
provide any information that would indicate that he (or she) is qualified to testify as to the record-
keeping practices of the "predecessor." The affiant does not identify the predecessor, nor does he
provide any information concerning the acquisition of the attached record. The affiant does not
indicate in any way that he has any knowledge of the predecessor's record-keeping policies or that
the records are trustworthy. In fact, the affiant does not even provide his full name. As such, the
Mart Affidavit did not satisfy the requirements of rule 803(6), and the trial court erred by admitting
it.

 Midland does not address this issue, but argues that summary judgment was proper because
Martinez admitted to owing the debt in her original answer. However, seven days prior to the date
set for hearing on Midland's motion for summary judgment, Martinez amended her original answer
to include a general denial and a verified denial of Midland's allegations. Martinez's original answer
was therefore a superceded pleading. Statements contained in a superceded pleading are not
conclusive and indisputable judicial admissions. Sosa v. Central Power & Light, 909 S.W.2d 893,
895 (Tex. 1995) (amended petition filed seven days prior to summary judgment hearing precluded
summary judgment based on admissions contained in superceded petition); see also Tyra v. Bob
Carroll Const. Co., 618 S.W.2d 853, 856 (Tex. Civ. App.--El Paso 1981), aff'd, 639 S.W.2d 690
(Tex. 1982) (admissions contained in a superceded pleading are not binding on the pleader). In order
to rely on a superceded pleading as summary judgment evidence, the movant must introduce it into
evidence as any other admission before it may be considered as evidence. MBank Brenham, N.A.
v. Barrera, 721 S.W.2d 840, 842 (Tex. 1986) (motion for summary judgment based on admission
in superceded pleading was defective, unless a copy of the pleading was attached with supporting
affidavits or other authentication). Because Midland did not include the superceded pleading in its
summary judgment evidence, it could not be considered.

 Additionally, "[a] motion for summary judgment must itself expressly state the grounds upon
which it is made, and must stand or fall on these grounds alone." Guereque v. Thompson, 953
S.W.2d 458, 466 (Tex. App.--El Paso 1997, pet. denied) (citing McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 341 (Tex. 1993)). Midland made no mention of the superceded pleading or
the purported admission in its motion for summary judgment. It was therefore no ground for a
summary judgment. Because we sustain Martinez's issue in this regard, we do not address her
remaining issue. (3)

CONCLUSION


 The only summary judgment evidence offered by Midland, other than the Mart Affidavit, was 
the affidavit of its attorney concerning attorney's fees. Midland offered no admissible evidence
concerning its claim, and the trial court erred when it granted summary judgment in favor of
Midland. The judgment of the trial court is reversed and this case is remanded to the trial court.


 KENNETH R. CARR, Justice


March 13, 2008


Before Chew, C.J., McClure, and Carr, JJ.
1. All subsequent dates herein are in 2006.
2. In her Objections to Plaintiff's Summary Judgment Evidence and Response to Plaintiff's Motion for Summary
Judgment, Martinez argued that, while Midland's petition was vague, it appeared to assert a claim for suit on a sworn
account. Martinez, citing Bird v. First Deposit Nat'l Bank, 994 S.W.2d 280 (Tex. App.--El Paso 1999, pet. denied),
argued that Midland was not entitled to proceed on a sworn account theory to recover a credit card debt. At the hearing
on Martinez's Motion for New Trial, Midland argued that its claim was one for breach of contract. In its Response Brief,
Midland reiterated that it had not filed a suit on a sworn account.
3. Martinez also argues that the Mart Affidavit may not be considered as summary judgment evidence, because
it was attached to Midland's petition and not to the motion for summary judgment. Because we have sustained Martinez's
issue regarding admissibility of the affidavit, we do not address this issue. Nevertheless, we note this Court's opinion
in Menchaca v. Menchaca, 679 S.W.2d 176, 178 (Tex. App.--El Paso 1984, no writ).