**Delmare E. WINDHORST, d/b/a Tri-Way Water Supply and Windy's Water Works, Appellant,**

v.

**ADCOCK PIPE AND SUPPLY, Appellee.**

**No. 5624.**

Court of Civil Appeals of Texas, Waco.

Sept. 23, 1976.

Rehearing Denied Oct. 28, 1976.

Donald J. Mach, San Antonio, for appellant.

Bradford F. Miller, San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Windhorst from judgment for plaintiff Adcock for $713.17 plus $250. attorneys' fees, in a suit on an open account.

Plaintiff Adcock filed suit against defendant Windhorst for amounts allegedly due on an open account. Defendant counterclaimed seeking recovery of double the amount of interest charged and cancellation of the principal of the account alleging the interest rate charged by plaintiff was usurious. Both parties moved for summary judgment which was overruled by the trial court.

After trial before the court without a jury the trial court rendered judgment for plaintiff, and denied defendant any recovery on his counterclaim.

Defendant appeals contending:

1) The trial court erred in denying his counterclaim based on usurious interest.

2) The trial court erred in rendering judgment for plaintiff based on an open account.

Defendant who operates a waterworks opened an account, on March 5, 1974, with plaintiff who sells pipe and pipe supplies. Thereafter charges, credits and payments were entered, and on September 30, 1974 the balance owing plaintiff was $608.42. On September 30, 1974 plaintiff charged defendant interest in the amount of $9.13, and thereafter made interest charges each month. No interest was ever paid by defendant. There was no written or oral contract between the parties regarding interest on unpaid balances. The interest charged by plaintiff was 1½% per month or 18% per annum, and was assessed and charged from September 1974, to June 30, 1975. Defendant complained to plaintiff the interest charges were illegal.

Article 5069–1.03 Interest legal rate applicable, provides:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on * * * all open accounts, from the first day of January after the same are made."

Article 5069–1.06 Penalties, provides:

"1) Any person who contracts for, *charges* or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, *charged* or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error."

"2) Any person who contracts for, *charges* or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court * * *."

"3) All such actions brought under this Article shall be brought * * * within four years from the date *when the usurious charge was received or collected* in the county of defendant's residence, or in the county *where the interest in excess of the amount authorized by this Subtitle has been received or collected,* or where such transaction had been entered into *or where the*

parties who paid the interest in excess of the amount authorized by this Subtitle resided when such transaction occurred, or where he resides." [1]

As noted plaintiff *"charged"* defendant with 18% interest, which is more than authorized by the Statute; there was no agreement between the parties that such interest be paid; and no interest was ever in fact paid by defendant or collected or received by plaintiff.

Plaintiff contends that the mere *charging* of interest in excess of the authorized amount is not actionable unless charged pursuant to agreement of the parties, or actually collected.

We note that sections 1 and 2 of Article 5069–1.06 supra provides that any person who "contracts for, *charges* or receives interest" greater than the amount authorized by law, or in excess of double the amount allowed by law is subject to the penalties provided.

But in Section 3 the Article provides that actions brought under the article be brought within four years from the date "the usurious charge was received or collected."

We think reading Article 5069–1.06 as a whole that the *"charging"* of interest in excess of the amount authorized is not actionable unless charged pursuant to agreement of the parties, or actually collected.

All defendant's points are overruled.

AFFIRMED.