**Delmar E. WINDHORST, Petitioner,**

v.

**ADCOCK PIPE AND SUPPLY,
Respondent.**

**No. B–6424.**

Supreme Court of Texas.

Jan. 26, 1977.

Rehearing Denied March 23, 1977.

Teveni, Mach & Clarke, Donald J. Mach, San Antonio, for petitioner.

Bradford F. Miller, San Antonio, for respondent.

**PER CURIAM.**

In this case a retailer unilaterally has charged to its customer's open account a one and one-half percent per month "finance charge." The customer, who did not agree to pay and in fact has not paid any such charge, has sued for penalties under the usury laws, claiming that the charging alone of excessive interest constitutes usury. The trial court and the court of civil appeals have held for the retailer. 542 S.W.2d 222.

Article 5069–1.06 provides that any person who "contracts for, charges or receives" interest in excess of the amount authorized by law shall be liable for the penalties set forth in the article.[1] The court of civil appeals has held that "the 'charging' of interest in excess of the amount authorized is not actionable unless

1. References are to Texas Revised Civil Statutes Annotated. Article 5069–1.06 provides:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall for-

charged pursuant to agreement of the parties, or actually collected." 542 S.W.2d 222 at 224. Such a holding is contrary to the plain meaning of Article 5069–1.06. By describing the conditions precedent to recovery of penalties in the disjunctive, the Legislature made it clear that only one such condition need occur to trigger penalties; either a contract for, a charge of *or* receipt of usurious interest. See *Wall v. East Texas Teachers Credit Union*, 533 S.W.2d 918 (Tex.1976). Article 5069–1.02 provides: "A greater rate of interest than ten percent per annum unless otherwise authorized by law shall be deemed usurious." The transaction at issue here is not one of those exempted from the ten percent ceiling.[2] By unilaterally charging the one and one-half percent per month "finance charge", the retailer in this case charged more than ten percent per annum, and is, therefore, liable for penalties.

Pursuant to Texas Rule of Civil Procedure 483, we grant writ of error and, without hearing oral argument, reverse the judgments of the trial court and the court of civil appeals. The cause is remanded to the trial court for further proceedings consistent with this opinion.

feit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

(2) Any person who contracts for, charges *or receives interest which is in excess of* double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder.

2. The open account unquestionably fails to satisfy the rigid requirements of the Retail Installment Sales Act, Arts. 5069–6.01–.09, which permits the assessment of a 1½% finance charge. There is no retail charge agreement (Art. 5069–6.01(g)) setting forth appropriate disclosures to the customer (Art. 5069–6.03(1)), and the unpaid balance exceeded $500, the maximum amount upon which the 1½% charge may be assessed (Art. 5069–6.03(3)). An individual open account which fails to meet the requirements of the Retail Installment Sales Act may provide for no more than 10% interest. Where there is no agreement upon interest rate, as is the case here, the statutory 6% interest from January 1 following the date the debt is incurred is "read into" the agreement by Art. 5069–1.03. In the instant case, the retailer charged 1½% before January 1 following the date of the debt—before any interest legally had accrued.