Beatrice Elinor **HEANER, Independent Executrix of the Estate of John E. Heaner, Deceased, et al., Appellants,**

v.

**HOUSTON SASH & DOOR COMPANY, INC., Appellee.**

No. 5795.

Court of Civil Appeals of Texas, Waco.

Dec. 29, 1977.

Rehearing Denied Jan. 26, 1978.

Carnegie H. Mims, Jr., Jefferson, Maness, Valdes & Mims, Houston, for appellants.

Travis G. Wilson, Law Offices of Frank C. Herzog, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a suit on an open account and guaranty agreement brought by plaintiff Houston Sash and Door against Bedford Corporation and Beatrice Heaner, Independent Executrix of the Estate of John E. Heaner, defendants, seeking to recover for services, goods, wares, and merchandise sold to Bedford during the period of January 14, 1974 thru April 26, 1974.

Prior to his death Heaner had executed a guaranty agreement, guaranteeing the payment of any moneys due Houston Sash by Bedford.

Defendants filed a sworn denial of the account, and a counterclaim for penalties provided for by Article 5069–1.06 VATS.

Trial was before the court, without a jury, which rendered judgment for $13,-575.73 jointly and severally against Bedford and Heaner (and $3,599.43 additional against Bedford).

Defendants appeal contending the trial court erred in rendering judgment for plaintiff because [plaintiff] charged or contracted for interest in excess of the rate permitted by Article 5069–1.03 VATS; consequently judgment should have been rendered in favor of defendants for forfeiture of the principal, twice the amount of interest charged, and reasonable attorneys' fees, as provided by Article 5069–1.06 VATS.

Bedford Corporation, a builder of town houses ordered goods and services from Houston Sash on open account. Heaner (Chairman of the Board of Bedford) signed a guaranty. The goods and services were sold and delivered to Bedford between January 14, 1974 and April 26, 1974. Houston Sash commenced charging interest on the unpaid balance at the rate of 12% after 30 days of the delivery of the merchandise. Heaner signed an agreement guaranteeing payment of Bedford's account.

There was no agreement plead or proved by plaintiff whereby Bedford would pay a rate of interest on its open account with Houston Sash in excess of 6%.

Article 5069–1.03 provides: "When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all * * open accounts, from the first day of January after the same are made".

Article 5069–1.06 provides: "(1) Any person who contracts for, charges, or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney[s'] fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error".

"(2) Any person who contracts for, charges or receives interest which is in ex-

cess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest, and all other charges and shall pay reasonable attorney fees set by the court * * * ".

*Windhorst v. Adcock Pipe and Supply*, Tex.Sup.Ct., 547 S.W.2d 260 holds the language "contracts for, charges or receives interest" is in the disjunctive, and that only one such condition need occur to trigger penalties.

As heretofore noted, Houston Sash charged Bedford 12% interest on an open account, and charged such 12% interest commencing 30 days after delivery of merchandise. Article 5069–1.03 prescribes 6% interest in such situation from the first day of the following January. The merchandise was delivered January 14, thru April 26, 1974. No agreement for an interest rate above 6% was alleged or proved by Houston Sash.

Defendants' contention is sustained.

The judgment is reversed and the cause remanded with instructions to receive any evidence tendered as to reasonable attorneys' fees, and then render judgment for defendants as provided by Article 5069–1.06 VATS.

REVERSED and REMANDED.