ACCEPTED
15-25-00175-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 3:58 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00175-CV

IN THE

FIFTEENTH COURT OF APPEALS

AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/23/2020 8:49:06 AM
VOID CAP
CHRISTOPHER A. PRINE
Clerk

CHASE TUTOR
*Appellant*,

v.

DOUGLASS MCLAIN
*Appellee*,

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 3:58:06 AM
CHRISTOPHER A. PRINE
Clerk

ON APPEAL FROM COUNTY COURT NO. 5
OF WILLIAMSON COUNTY, TEXAS
CAUSE NO. 23-0823-CC5

**APPELLANT'S BRIEF**

Russell Frost
State Bar No. 24063687
rfrost@russellfrostlaw.com
Andie Johnson
State Bar No. 24140114
ajohnson@russellfrostlaw.com
Law Office of Russell Frost, PLLC
711 West 7th Street
Austin, Texas 78701
Tel: (512) 225–5590
Fax: (512) 692–2895
ATTORNEY FOR APPELLANT
CHASE TUTOR

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT**

CHASE TUTOR

**COUNSEL FOR APPELLANT:**

Russell Frost (Lead Attorney)
State Bar No. 24063687
rfrost@russellfrostlaw.com
Andie Johnson
State Bar No. 24140114
ajohnson@russellfrostlaw.com
LAW OFFICE OF RUSSELL FROST, PLLC
711 W 7th Street
Austin, TX 78701
Tel: (512) 225–5590


**APPELLEE**

DOUGLAS MCLAIN

**COUNSEL FOR APPELLEE:**

Duncan G. Farrish
State Bar No. 24142885
duncan@thomaslawtx.com
Griffith "Hunter" Thomas II
State Bar No. 24099403
hunter@thomaslawtx.com
12912 Hill Country Blvd., STE F-233
Austin, TX 78738
Tel: (512) 599-4096
Fax: (512) 713-0680

# TABLE OF CONTENTS

STATEMENT OF THE CASE...................................................................................8

STATEMENT REGARDING ORAL ARGUMENT.............................................10

ISSUES PRESENTED........................................................................................11

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................13

SUMMARY OF ARGUMENT.............................................................................17

ARGUMENT AND AUTHORITY ......................................................................19

    I.    The Trial Court Erred in Granting Rendering a Final Judgment because Tutor's Affirmative Defenses Were Not Disposed Of...........................................19

    II.    The Trial Court Erred in Granting Summary Judgment on McLain's Fraud Claim Because the Claim Is Barred by the Four-Year Statute of Limitations .....21

    III.    The Trial Court Erred in Granting Summary Judgment on McLain's Breach of Contract Claim Because the Claim Is Barred by Limitations..........................23

    IV.    The Trial Court Erred in Denying Tutor's Affirmative Defense and Counterclaim for Usury ....................................................................................24

        A.    McLain contracted for and charged usurious interest................................25

        B.    Tutor's affirmative defense and counterclaim for usury are not barred by limitations..............................................................................................27

        C.    McLain did not cure the usurious violation pursuant to TEX. FIN. CODE § 305.103 ..............................................................................................28

    V.    The Trial Court Erred in Awarding Appellee's Attorney Fees ......................31

PRAYER ........................................................................................................35

CERTIFICATE OF SERVICE ..........................................................................36

CERTIFICATE OF COMPLIANCE ..................................................................37

# TABLE OF AUTHORITIES

**CASES**

*Aquaplex, Inc. v. Rancho La Valencia, Inc.,* 297 S.W.3d 768(Tex. 2009)...............21

*Barker v. Eckman*, 213 S.W.3d 306 (Tex. 2006).......................................24

*BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59 (Tex. 2011) ....................................21

*Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51 (Tex. 1990)....................21

Cook Composites, Inc. v. Westlake Styrene Corp., 15 S.W.3d 124 (Tex. App.—

   Houston [14th Dist.] 2000, no pet.).....................................................20

*Coppedge v. Colonial Sav. & Loan Ass'n*, 721 S.W.2d 933 (Tex. App.—Dallas

   1986, writ ref'd n.r.e.)......................................................... 26, 27

*Danziger v. San Jacinto Sav. Ass'n*, 732 S.W.2d 300 (Tex. 1987).................... 26, 27

*Green Int'l, Inc. v. Solis*, 951 S.W.2d 384 (Tex. 1997) ..................................... 31, 32

*Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex. 2001) .............24

*Hooks v. Samson Lone Star, Ltd. P'ship,* 457 S.W.3d 52 (Tex. 2015) ............. 22, 23

*Int'l Bus. Machs. Corp. v. Lufkin Indus., Inc.,* 573 S.W.3d 224 (Tex. 2019) ..........21

*Jackson v. Coldspring Terrace Prop. Owners Ass'n*, 838 S.W.2d 320 (Tex. App.—

   El Paso 1992, no writ) ...............................................................20

*KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746 (Tex.

   1999)...................................................................................23

*Lehmann v. Har–Con Corp.,* 39 S.W.3d 191 (Tex. 2001) .....................................19

*Mafrige v. Ross,* 866 S.W.2d 590 (Tex. 1993) ........................................................19

*MBM Fin. Corp. v. Woodlands Operating Co.,* 292 S.W.3d 660 (Tex. 2009).. 31, 32

*McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871 (Tex. App.—Dallas

    2014, pet. denied) ................................................................................................33

*Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508 (Tex. 1995)..........................19

*Pentico v. Mad-Wayler, Inc.*, 964 S.W.2d 708 (Tex. App.—Corpus Christi 1998,

    pet. denied) ...................................................................................... 25, 26, 30

*Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910 (Tex. 1997)..........................19

*Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24 (Tex. 1993) .................................19

*Stine v. Stewart*, 80 S.W.3d 586 (Tex. 2002) ........................................................24

*Strasburger Enters., Inc. v. TDGT Ltd. P'ship*, 110 S.W.3d 566 (Tex. App.—Austin

    2003, pet. denied) ................................................................................................30

TEX. FIN. CODE § 305.001 ......................................................................................31

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006) ....... 21, 23, 32, 33

*Tubelite v. Risica & Sons, Inc.*, 819 S.W.2d 801 (Tex. 1991) .......................... 25, 31

*Windhorst v. Adcock Pipe & Supply*, 547 S.W.2d 260 (Tex. 1977) ............ 25, 26, 27

*Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex. 1988) ...........................21

*Zorrilla v. Aypco Constr. II, LLC*, 421 S.W.3d 54 (Tex. App.—Corpus Christi 2013,

    pet. denied) ................................................................................................33

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3)........................................................24

TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) .....................................................21

TEX. CIV. PRAC. & REM. CODE § 38.001...............................................................32

TEX. FIN. CODE § 305.001(a) .................................................................... 25, 30

TEX. FIN. CODE § 305.005.............................................................................31

TEX. FIN. CODE § 305.006(a) .................................................................... 27, 28

TEX. FIN. CODE § 305.103.................................................................. 18, 28, 35

TEX. FIN. CODE § 305.103(a) .................................................................... 29, 30

TEX. FIN. CODE § 305.103(a)(2).......................................................................29

TEX. FIN. CODE §§ 302.002.................................................................. 17, 25, 31

TEX. FIN. CODE ANN. § 301.002(a) .................................................................27

## STATEMENT OF THE CASE

This appeal arises from an ordinary private loan that became extraordinary only after it was transformed, over five years later, into a lawsuit seeking to recover unlawful interest through time-barred claims. At its core, this case asks whether Texas law permits a lender to resurrect a stale debt, inflate it with usurious charges, and then obtain summary judgment despite undisputed statute-of-limitations and statutory-usury violations. It does not.

In April 2017, Appellant Chase Tutor borrowed $25,000 from Appellee Douglass McLain under a short, written agreement drafted by McLain. CR 15. The loan matured on November 1, 2017. *Id.* The agreement provided no interest rate and instead imposed a flat $500 monthly "late fee." *Id.* Tutor made payments totaling approximately $17,000, which McLain accepted. CR 18. McLain took no legal action within the four-year limitations period, which expired in November 2021.

More than five years after maturity, McLain demanded approximately $33,500, including $25,000 in accumulated late fees that constitute usurious interest. CR 53–54. He filed suit in June 2023, asserting breach of contract and fraud based on the same 2017 loan. CR 8–18.

In November 2023, Tutor provided written notice identifying the demanded late fees as usurious. CR 149. Only afterward did McLain issue a purported "Correction of Violation," claiming no corrective action was required. CR 151–52.

The notice did not reduce or refund the usurious charges and was issued after Tutor's notice, failing to satisfy the statutory requirements to cure.

Despite these undisputed facts, the trial court granted summary judgment for McLain on breach of contract and fraud, having never addressed Tutor's affirmative defenses, denied Tutor's usury defense and counterclaim, and awarded damages, interest, and attorney's fees. 2 RR 15-17; CR 472–73. This appeal seeks reversal of that judgment and rendering in favor of Tutor on his affirmative claims, affirmative defenses, and McLain's affirmative claims, and further remand this case to the Trial Court for findings of fact regarding Tutor's statutory damages and attorneys' fees.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not believe that oral argument is necessary for the disposition of this appeal. The issues presented involve the application of well-settled Texas law to an undisputed record, including statute-of-limitations principles, summary judgment standards, and the statutory requirements governing usury and correction under the Texas Finance Code. The parties' briefs fully address the relevant facts and controlling authorities, and oral argument would not materially aid the Court in resolving the issues presented.

## ISSUES PRESENTED

This appeal arises from the trial court's summary judgment rulings on claims and defenses governed by the statute of limitations and the Texas Finance Code's usury provisions.

1. Did the Trial Court err in rendering a final judgment in favor of McLain where Tutor had affirmative defenses upon which the Trial Court did not rule?

2. Did the Trial Court err in granting summary judgment in favor of McLain on his claims for breach of contract and fraud where the undisputed evidence established that those claims were barred by the four-year statute of limitations?

3. Did the Trial Court err in concluding Tutor's affirmative defense and counterclaim for usury were barred by limitations when the uncontroverted evidence established that McLain charged interest exceeding the maximum lawful rate in March of 2023?

4. Did the Trial Court err in concluding that McLain avoided usury liability under Texas Finance Code § 305.103 where McLain's attempted "Correction of Violation" was issued only after Tutor provided written notice of usury and McLain failed to correct the usurious charges?

5. Did the trial court err in awarding attorney's fees to McLain where he did not prevail on a valid, timely breach-of-contract claim and attorney's fees are not recoverable for fraud or unsegregated, time-barred claims?

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about April 13, 2017, Appellee Douglass McLain loaned Appellant Chase Tutor $25,000 pursuant to a short, single-page written agreement drafted by McLain (the "Loan Agreement"). CR 15. The Loan Agreement provided that the full loan balance was due six months later, on November 1, 2017. *Id.*

The Loan Agreement did not specify any interest rate, did not require installment payments, and did not provide any collateral or security. *Id.* Instead, the agreement imposed a flat $500 monthly "late fee" beginning December 1, 2017, purportedly "not to exceed the original loan amount." *Id.* The Loan Agreement did not address how the late fee provision related to any lawful interest rate, nor did it include a usury savings clause. *See id.*

Between 2017 and 2022, Tutor made a series of irregular payments totaling approximately $17,000. CR 18. McLain accepted those payments without objection. Although the Loan Agreement matured on November 1, 2017, McLain did not declare a default, accelerate the debt, or pursue legal action within the four years following maturity.

On March 16, 2023, more than five years after the loan matured, McLain, through counsel, sent Tutor a written demand letter asserting that Tutor owed $33,500. CR 53–54. The demanded amount consisted of approximately $8,000 in alleged unpaid principal, $25,000 in accumulated "late fees," and attorney's fees. *Id.*

The letter demanded payment within thirty days and threatened litigation if payment was not made. *Id.*

On June 6, 2023, McLain filed suit in the County Court at Law No. 5 of Williamson County, Texas. CR 8–18. McLain asserted claims for breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* McLain sought recovery of unpaid principal, late fees, prejudgment interest, attorney's fees, and costs. *Id.* Tutor was served on June 8, 2023, and timely filed an Original Answer and General Denial on July 3, 2023. CR 23–25.

In November 2023, Tutor, through counsel, provided McLain with written notice identifying the demanded late fees as usurious interest under the Texas Finance Code. CR 149.

On December 1, 2023, McLain issued a written document titled "Correction of Violation." CR 151–52. In that notice, McLain asserted that no corrective action was required because Tutor's total payments remained below the original loan amount "regardless of any interest rate." *Id.* The notice did not reduce or refund any interest, did not amend the demand to a lawful rate, and did not otherwise alter the amounts previously demanded. *Id.*

On January 17, 2024, McLain filed an amended petition seeking recovery of approximately $8,000 in unpaid principal and interest "not to exceed 18%." CR 29-36.

On February 7, 2025, Tutor filed a First Amended Answer and Original Counterclaims, asserting affirmative defenses including statute of limitations and usury, and asserting a counterclaim under Texas Finance Code Chapter 305 based on McLain's contracting for and charging unlawful interest. CR 205–11.

On September 13, 2024, McLain moved for summary judgment, asserting entitlement to judgment as a matter of law on all claims and seeking damages, interest, and attorney's fees. CR 43–74.

Tutor opposed the motion and, on February 7, 2025, filed a cross-motion for summary judgment, asserting that McLain's claims were barred by limitations and that McLain's recovery was precluded by usury and the failure to effect a timely statutory cure. 2 RR 15-17; CR 113–32.

The trial court conducted a hearing on February 28, 2025. Following the hearing, the court granted McLain's motion for summary judgment in part, awarding $8,000 in actual damages and $2,880 in prejudgment interest, and denied Tutor's motion except as to an unspecified issue. CR 472–73. The court later awarded McLain attorney's fees and costs. Critically, McLain's motion wholly failed to address Tutor's affirmative defenses. CR 43-74.

The trial court signed a Final Order Granting Summary Judgment on July 2, 2025, rendering judgment for McLain on breach of contract and fraud, denying Tutor's usury counterclaim and usury defense—without McLain having filed any

motion on the same—and awarding damages, interest, attorney's fees, and costs. CR 472–73.

Tutor timely filed a Motion for New Trial on August 1, 2025, which was overruled by operation of law. CR 479–82. Tutor then filed a Notice of Appeal on September 29, 2025. CR 485.

This appeal follows.

## SUMMARY OF ARGUMENT

This appeal arises from the trial court's erroneous summary judgment rulings that allowed a lender to recover on time-barred claims and to avoid the consequences of charging usurious interest through an untimely and ineffective attempt at "correction." Texas law does not permit either result.

First, McLain's claims for breach of contract and fraud are barred by the four-year statute of limitations. The loan matured on November 1, 2017. Any alleged breach or misrepresentation necessarily accrued no later than that date. McLain waited until June 2023, more than five years later, to file suit. Because the claims accrued outside the limitations period and no tolling applies, summary judgment in McLain's favor was improper as a matter of law.

Second, the undisputed evidence establishes usury. The loan agreement imposed a fixed $500 monthly "late fee" on a $25,000 principal balance without stating a lawful interest rate. CR 15. Under the Texas Finance Code, the maximum allowable rate in such circumstances is six percent per year. TEX. FIN. CODE § 302.002 (West 2024). The $500 monthly charge equates to a 24% annual rate and therefore constitutes usurious interest. McLain later compounded the violation by issuing a written demand in March 2023 seeking $25,000 in accumulated late fees. Contracting for or charging unlawful interest is sufficient to establish usury liability.

Third, McLain did not properly cure the usury under the Texas Finance Code. TEX. FIN. CODE § 305.103 (West 2023). The statute provides a narrow safe harbor, but only if the creditor strictly complies with its requirements. McLain did not. He issued a purported "Correction of Violation" only after Tutor provided written notice of usury, which alone defeats the statutory cure. Moreover, the "correction" did not actually correct anything. It did not reduce the usurious charges, amend the demand to a lawful rate, or withdraw the unlawful interest claim. Later pleadings continued to seek interest above the rate permitted by law. CR 29-49; 43-74. An untimely response that denies the violation rather than curing it does not satisfy § 305.103.

Because McLain both contracted for and charged usurious interest and failed to effect a timely and legally sufficient cure, Tutor's affirmative defense and counterclaim for usury were conclusively established. The trial court therefore erred in denying Appellant relief under Chapter 305 of the Texas Finance Code.

The judgment should be reversed. Appellant respectfully requests that this Court render judgment in his favor on the usury claims and defenses, reverse the summary judgment on Appellee's time-barred claims, and remand for determination of statutory remedies and attorney's fees, or render judgment where appropriate.

## ARGUMENT AND AUTHORITY

**I.    The Trial Court Erred in Granting Rendering a Final Judgment because Tutor's Affirmative Defenses Were Not Disposed Of**

A summary judgment is final only if it disposes of all pending claims and defenses. *Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex. 1995). When a plaintiff moves for summary judgment on its own claims but fails to address a defendant's pleaded affirmative defenses, the resulting order is interlocutory and cannot support a final judgment. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex. 1993), *overruled on other grounds, Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 204 (Tex. 2001).

Tutor pleaded affirmative defenses of statute of limitations and usury, which remained live pleadings at the time McLain moved for summary judgment. The Clerk's Record reflects that McLain's motion sought judgment solely on his affirmative claims and did not address or negate Tutor's affirmative defenses. CR 43-74. Because a motion for summary judgment must stand or fall on the grounds expressly presented, defenses not addressed in the motion remain pending. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex. 1997); *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) (summary judgment cannot be affirmed on grounds not expressly set out in motion).

Of not, in *Cook Composites, Inc. v. Westlake Styrene Corp.*, the court held that a plaintiff moving for summary judgment is not required to negate a defendant's

affirmative defenses where the defendant fails to come forward with evidence raising a genuine issue of material fact on those defenses. 15 S.W.3d 124, 3940–41 (Tex. App.—Houston [14th Dist.] 2000, no pet.). *Cook Composites* addresses the evidentiary burden to avoid summary judgment; it does not authorize a trial court to render a final judgment while affirmative defenses remain unadjudicated. Even if *Cook Composites* is read to require Tutor to present evidence in support of its affirmative defenses, Tutor met this burden. *See* CR 113-32. While Tutor would argue he is entitled to summary judgment on his affirmative defense, at minimum, he raised issues of fact by presenting evidence as to each element of his affirmative defense.

Here, the Trial Court did not grant summary judgment against Tutor on his affirmative defenses, nor did it expressly deny or otherwise dispose of them. To be sure, McLain never moved for summary judgment on Tutor's affirmative defenses; moreover, the denial of Tutor's own motion for summary judgment did not adjudicate those defenses on the merits.

Because the summary judgment order did not refer to or dispose of Tutor's affirmative defenses of limitations and usury, and because Tutor presented evidence in support of his affirmative defenses in his response, those defenses remained pending. A judgment that leaves live defenses unresolved is interlocutory and cannot support a final disposition. *Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51,

52–53 (Tex. 1990). The Trial Court therefore erred in both granting summary judgment and rendering a final judgment.

## II. The Trial Court Erred in Granting Summary Judgment on McLain's Fraud Claim Because the Claim Is Barred by the Four-Year Statute of Limitations

A cause of action for fraud is subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (West 2024). As a general rule, a fraud claim accrues when the alleged misrepresentation is made. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Although the discovery rule may defer accrual in limited circumstances, it applies only when the nature of the alleged fraud is inherently undiscoverable and objectively verifiable. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011).

Where, as here, the alleged fraud is based on a promise of future performance, the plaintiff must establish not only that the promise was false, but that the defendant had no intention of performing at the time the promise was made. *Int'l Bus. Machs. Corp. v. Lufkin Indus., Inc.,* 573 S.W.3d 224, 228 (Tex. 2019). Importantly, mere non-performance or delayed performance does not establish fraudulent intent, and partial performance negates an inference that the promisor never intended to perform. *Aquaplex, Inc. v. Rancho La Valencia, Inc.,* 297 S.W.3d 768, 775 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 305 (Tex. 2006).

McLain's fraud claim is predicated on the same alleged oral and written representations that form the basis of his breach of contract claim—namely, that Tutor promised to repay a $25,000 personal loan by November 1, 2017. The alleged misrepresentation necessarily occurred, if at all, at the time the loan was made in April 2017.

At the latest, any alleged falsity would have been discoverable when the loan allegedly matured and repayment was not made on November 1, 2017. By that date, McLain indisputably knew (or should have known) that Tutor had not performed as allegedly promised. Texas courts consistently hold that limitations begins to run when the plaintiff has notice of facts giving rise to the claim, not when the plaintiff subjectively concludes fraud occurred. *Hooks v. Samson Lone Star, Ltd. P'ship,* 457 S.W.3d 52, 57 (Tex. 2015). Thus, even applying the most generous accrual date, McLain's fraud claim accrued no later than November 2017. Thus, the four-year limitations period expired in November 2021—nearly eighteen months before McLain filed suit on June 2, 2023.

McLain presented no competent summary judgment evidence establishing that the discovery rule applies or that limitations was otherwise tolled. The alleged misrepresentation concerned repayment terms in a simple, informal loan transaction; facts that were neither inherently undiscoverable nor objectively unverifiable. *See*

*Hooks,* 457 S.W.3d at 58 (discovery rule does not apply where plaintiff could have discovered the alleged injury through reasonable diligence).

To the contrary, McLain admitted that Tutor made partial payments totaling approximately $17,000 over several years. CR 8 (Pl's Orig. Pet. "Defendant began making inconsistent payments on November 7, 2027, with the most recent payment made on March 27, 2022"). Partial repayment conclusively undermines any inference that Tutor never intended to repay the loan and further defeats any argument that the alleged fraud was concealed. *See Tony Gullo Motors*, 212 S.W.3d at 305. Because Appellee failed to raise a fact issue as to delayed accrual or tolling, the fraud claim is barred as a matter of law assuming McLain failed to file within the limitations period—which he did.

Limitations is an affirmative defense that may be conclusively established on summary judgment where, as here, the accrual date is undisputed and the plaintiff fails to produce evidence raising a genuine issue of material fact. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999). The Trial Court therefore erred in granting summary judgment in McLain's favor on the fraud claim. McLain's summary judgment should have been denied and, as a matter of law, judgment should have been rendered for Tutor based on limitations.

### III. The Trial Court Erred in Granting Summary Judgment on McLain's Breach of Contract Claim Because the Claim Is Barred by Limitations

A breach of contract claim is subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3) (West 2024). A cause of action for breach of contract accrues when the contract is breached—i.e., when a party fails or refuses to perform an obligation that is due. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). Where a contract requires payment on a date certain, limitations begins to run on the date payment is due. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

The undisputed summary judgment evidence establishes that the alleged loan was due in full six months after execution on November 1, 2017. The agreement did not create an installment obligation, did not require periodic payments, and did not provide for acceleration upon default. Accordingly, any breach occurred, if at all, on November 1, 2017, when payment was allegedly not made. Because the claim accrued on that date, McLain was required to file suit no later than November 1, 2021. He did not do so. Instead, he waited until June 2, 2023, to file suit, more than five and a half years after accrual.

The Trial Court therefore erred in granting summary judgment in McLain's favor and in denying Tutor's cross-motion for summary judgment on limitations. At a minimum, limitations precludes recovery of any amounts allegedly due under the contract, and judgment should have been rendered for Tutor.

**IV.   The Trial Court Erred in Denying Tutor's Affirmative Defense and Counterclaim for Usury**

The Trial Court erred in rejecting Tutor's usury defense and counterclaim because the undisputed summary judgment evidence establishes usury as a matter of law, and McLain failed to effect a timely or legally sufficient correction under the Texas Finance Code.

Texas law imposes liability when a creditor contracts for, charges, or receives interest in excess of the maximum lawful rate. TEX. FIN. CODE § 305.001(a) (West 2024). Proof of any one of these acts is sufficient to establish usury. *Pentico v. Mad-Wayler, Inc.*, 964 S.W.2d 708, 715 (Tex. App.—Corpus Christi 1998, pet. denied); *Windhorst v. Adcock Pipe & Supply*, 547 S.W.2d 260, 261 (Tex. 1977).

### A.    McLain contracted for and charged usurious interest

First, the April 13, 2017, Loan Agreement required Tutor to pay a $500 "late fee" per month beginning December 1, 2017, "not to exceed the original loan amount," on a principal balance of $25,000. CR 51. Because the Loan Agreement did not specify any lawful interest rate, the maximum allowable rate is six percent per year. TEX. FIN. CODE §§ 302.002 (West 2024); *Tubelite v. Risica & Sons, Inc.*, 819 S.W.2d 801, 805 (Tex. 1991). The $500 monthly fee, or $6,000 per year, constitutes a 24% annual rate, four times the permissible statutory rate. Texas courts uniformly hold that a fixed monthly charge imposed solely because of late repayment constitutes interest as a matter of law. *Pentico*, 964 S.W.2d at 715. Thus, the written agreement facially contracts for usurious interest.

Second, even apart from the contract, McLain later charged additional usurious interest by issuing a written demand for payment of $25,000 in accumulated late fees on March 16, 2023. CR 53-54. A creditor "charges" usurious interest when it takes any unilateral act constituting a demand for payment. *Pentico*, 964 S.W.2d at 716. Courts specifically hold that demand letters, including those from counsel, qualify as usurious charges. *Pentico*, 964 S.W.2d at 715; *see also Danziger v. San Jacinto Sav. Ass'n*, 732 S.W.2d 300, 304 (Tex. 1987); *Coppedge v. Colonial Sav. & Loan Ass'n*, 721 S.W.2d 933, 936 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

The March 16, 2023, letter demanded payment of $8,000 alleged principal, $25,000 in "late-payment fees," and $500 attorney's fees. (CR 53-54). By demanding payment of $25,000 in accumulated monthly charges, which constitute interest for the detention of money, McLain charged interest far exceeding the statutory maximum. This independent usurious act is sufficient by itself to establish usury liability. *See Windhorst*, 547 S.W.2d at 261 (any one of contracting for, charging, or receiving unlawful interest triggers liability).

McLain's own verified filings and summary judgment evidence confirm that he contracted for unlawful interest in 2017, he charged unlawful interest in 2023, and he claimed a balance inflated by unlawful interest charges. CR 8-14, 51-54. Because any one of these acts constitutes a usury violation, and each is affirmatively established in the summary judgment record, McLain's liability for usurious interest

is conclusively proven as a matter of law. The Trial Court therefore erred in declining to grant Tutor's motion for summary judgment on his usury defense and counterclaim.

**B.    Tutor's affirmative defense and counterclaim for usury are not barred by limitations**

Under Section 305.006(a) of the Texas Finance Code, a usury action must be brought "within four years of the date the usurious interest was contracted for, charged, or received." TEX. FIN. CODE § 305.006(a) (West 2024). A cause of action accrues, and limitations begins to run, each time the creditor contracts for, charges, or receives interest in excess of the statutory maximum. *Id.* A creditor "charges" usurious interest when it undertakes a unilateral act that expressly or impliedly demands payment of the unlawful amount. TEX. FIN. CODE ANN. § 301.002(a) (West 2024); *see Windhorst,* 547 S.W.2d at 261. Demand letters, including those sent by counsel, qualify as "charges" under the statute. *Coppedge,* 721 S.W.2d at 936*; Danziger*, 732 S.W.2d at 304.

On March 16, 2023, McLain, through his attorney, sent Tutor a formal demand letter seeking a total balance of $33,500, comprised of $8,000 in alleged remaining principal, $25,000 in late-payment charges, and $500 in attorney's fees. CR 53-54. The demand letter unequivocally required Tutor to remit payment of the full amount within thirty days and threatened litigation in the event of non-payment. *Id.* Because the claimed $25,000 in "late-payment fees" constitutes interest as a matter of law,

the demand letter was a unilateral act demanding payment of usurious interest, thereby constituting a "charge" under § 305.006(a).

This March 16, 2023, charge triggered a new four-year limitations period, making Tutor's affirmative defense and counterclaim for usury, filed well within that period, timely. Moreover, because usury limitations accrue on each discrete usurious act, the 2023 charge independently preserves Tutor's claims regardless of any earlier conduct.

Because McLain charged usurious interest on March 16, 2023, well within four years of Tutor's assertion of his usury defense and counterclaim, Tutor's claims are timely under section 305.006(a) of the Texas Finance Code. TEX. FIN. CODE § 305.006(a) (West 2024). The trial court therefore erred in concluding that limitations barred Tutor's usury claims. The record demonstrates that Tutor's usury cause of action accrued no earlier than the date of the 2023 demand letter, and the action was filed well within the applicable four-year period. Accordingly, Tutor's affirmative defense and counterclaim for usury must be reversed and rendered in his favor.

### C. McLain did not cure the usurious violation pursuant to TEX. FIN. CODE § 305.103

The Texas Finance Code provides creditors with a limited and strictly enforced opportunity to avoid liability for usury, but only when the creditor complies precisely with the statutory correction requirements. TEX. FIN. CODE § 305.103 (West 2024). Because usury statutes are penal in nature, Texas courts require strict

compliance with the cure provisions, and any failure to satisfy the statute's express prerequisites renders the attempted correction ineffective as a matter of law.

Section 305.103 establishes two independent and mandatory conditions for avoiding usury liability. The creditor must first correct the violation by taking all necessary action and making all necessary adjustments, including refunding or reducing unlawful interest. Second, the creditor must provide written notice of the violation before the obligor gives written notice or files an action alleging usury. TEX. FIN. CODE § 305.103(a) (West 2024). A creditor's failure to satisfy either requirement defeats the statutory safe harbor.

Here, McLain failed to satisfy both. The timing defect alone forecloses McLain's reliance on § 305.103. The statute unambiguously requires that the creditor's notice precede the obligor's notice or lawsuit. TEX. FIN. CODE § 305.103(a)(2) (West 2024). The sequence of events in this case is undisputed. In November 2023, Tutor provided McLain with written notice identifying the demanded late fees as usurious interest under the Texas Finance Code. CR 149. McLain did not issue any corrective notice before that communication. Instead, on December 1, 2023, after Tutor's notice had already been delivered, McLain issued a document styled as a "Texas Finance Code §305.103 Correction of Violation" CR 22-23. Because McLain's notice followed Tutor's notice, the statutory prerequisite was not met, and the cure provision was unavailable as a matter of law. Texas courts

consistently reject attempts to invoke § 305.103 when the creditor acts only after the obligor identifies the usury. *See Strasburger Enters., Inc. v. TDGT Ltd. P'ship*, 110 S.W.3d 566, 574 (Tex. App.—Austin 2003, pet. denied).

Even if McLain could overcome this fatal timing defect, his purported correction independently fails because it did not actually correct the usury. Section 305.103(a)(1) requires the creditor to take "any necessary action and mak[e] any necessary adjustment," including reducing unlawful interest. A valid correction must eliminate the usurious charge itself. It is not enough to deny the violation, reinterpret the contract, or assert that the amount collected is somehow permissible.

McLain's December 1, 2023, notice did none of these things. Rather than reducing or refunding the usurious late fees, Appellee asserted that no corrective action was required because Tutor's total payments remained below the original loan amount "regardless of any interest rate." CR 151–52. That position misunderstands the usury statutes. Usury liability turns on whether a creditor contracted for or charged interest at an unlawful rate, not on whether the creditor ultimately collected more than principal. TEX. FIN. CODE § 305.001(a) (West 2024); *Pentico*, 964 S.W.2d at 715. A creditor cannot "correct" usury by insisting that no correction is necessary.

McLain's subsequent conduct confirms that no meaningful correction ever occurred. In January 2024, Appellee amended his petition to seek interest "not to exceed 18%." CR 29–36. But where, as here, a contract specifies no interest rate, the

lawful rate is six percent per year, not eighteen percent. TEX. FIN. CODE § 302.002 (West 2024); *Tubelite*, 819 S.W.2d at 805. McLain later moved for summary judgment while still claiming entitlement to interest exceeding the lawful rate. CR 43–74. These actions demonstrate that the usurious charges were never withdrawn, reduced, refunded, or amended to comply with Texas law.

Because McLain's attempted "correction" was both untimely and substantively deficient, § 305.103 affords no protection. McLain therefore remained subject to liability under Chapter 305, including statutory penalties and attorney's fees. TEX. FIN. CODE §§ 305.001, 305.005 (West 2024). The Trial Court erred in denying Tutor's usury defense and counterclaim and in granting summary judgment in McLain's favor on this issue.

### V. The Trial Court Erred in Awarding Appellee's Attorney Fees

Attorney's fees are not an independent cause of action; they are recoverable only when authorized by statute or contract and only when supported by a valid substantive recovery. *MBM Fin. Corp. v. Woodlands Operating Co.,* 292 S.W.3d 660, 666 (Tex. 2009). When the underlying claim fails, any award of attorney's fees necessarily fails as well. *Id.*; *see also Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

As demonstrated above, McLain's fraud and breach of contract claims are barred by limitations as a matter of law. Because McLain was not entitled to

judgment on either claim, the Trial Court lacked a legal basis to award attorney's fees. Reversal of the liability findings therefore requires reversal of the attorney's-fees award in its entirety.

Texas law is clear that attorney's fees are not recoverable for common-law fraud absent an independent statutory or contractual basis. *MBM Fin. Corp., 292 S.W.3d at 667; Tony Gullo*, 212 S.W.3d at 304. McLain's fraud claim does not provide a statutory basis for fees, and the Trial Court did not identify any independent contractual provision authorizing fee recovery for fraud. To the extent the Trial Court awarded fees attributable to McLain's fraud claim, such an award constitutes reversible error as a matter of law.

Pursuant to section 38.001 of the Texas Civil Practice and Remedies Code, attorneys' fees are recoverable only by a party who prevails on a valid breach of contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001 (West 2024); *see also Green Int'l*, 951 S.W.2d at 390. A plaintiff who fails to establish a valid, enforceable, and timely contract claim cannot recover fees under the statute.

Here, McLain's breach of contract claim accrued no later than November 1, 2017, and is barred by the four-year statute of limitations. Because Appellee was not entitled to recover on the contract as a matter of law, he cannot be deemed a "prevailing party" under section 38.001, and any fee award predicated on that statute must be reversed. TEX. CIV. PRAC. & REM. CODE § 38.001 (West 2024).

Even assuming that some portion of McLain's contract claim survived, McLain was still required to segregate recoverable attorney's fees from unrecoverable fees. *Tony Gullo Motors*, 212 S.W.3d at 311–13. Fees incurred for claims on which attorney's fees are not recoverable, such as fraud or time-barred claims, must be segregated unless the claims are so intertwined that segregation is impossible. *Id.* Failure to segregate is reversible error when segregation is required. *Id.* At a minimum, this failure requires reversal and remand of the attorney's fees award for proper segregation.

Texas's one-satisfaction rule prohibits a plaintiff from recovering multiple remedies for the same injury under different theories of liability. *See Zorrilla v. Aypco Constr. II, LLC*, 421 S.W.3d 54, 66–67 (Tex. App.—Corpus Christi 2013, pet. denied); *McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871, 916 (Tex. App.—Dallas 2014, pet. denied).

Here, McLain sought recovery for the same alleged injury, the unpaid balance of the alleged loan, under both breach of contract and fraud theories. Because attorney's fees are not recoverable for fraud, McLain could not bootstrap a fee recovery by simultaneously pleading contract and fraud based on the same operative facts. Allowing such recovery would constitute an impermissible double recovery in violation of the one-satisfaction rule.

Because McLain was not entitled to recover attorney's fees as a matter of law, this Court should reverse and render judgment denying McLain any recovery of attorney's fees. Alternatively, at a minimum, the Court should reverse and remand the fee award for segregation and redetermination consistent with Texas law.

# PRAYER

The trial court's judgment rests on legal error. McLain's claims for breach of contract and fraud accrued in 2017 and were barred by limitations when suit was filed in 2023. McLain also contracted for and charged usurious interest and failed to effect a timely or legally sufficient cure under section 305.103 of the Texas Finance Code. Because the underlying claims fail as a matter of law, the award of damages, interest, and attorney's fees cannot stand.

For these reasons, Appellant Chase Tutor respectfully requests that this Court reverse the trial court's judgment, render judgment in Tutor's favor on his affirmative defense and counterclaim for usury, reverse the summary judgment on McLain's time-barred claims, and deny McLain any recovery of attorney's fees. Alternatively, Appellant requests reversal and remand for further proceedings consistent with this Court's opinion.

## CERTIFICATE OF SERVICE

I certify that on December 22, 2025, this Appellant's Brief was served on

counsel under Texas Rule of Appellate Procedure 9.5(b):

Duncan G. Farrish
State Bar No. 24142885
duncan@thomaslawtx.com
Griffith "Hunter" Thomas II
State Bar No. 24099403
hunter@thomaslawtx.com
12912 Hill Country Blvd., STE F-233
Austin, TX 78738
Tel: (512) 599-4096
Fax: (512) 713-0680

_____
Russell Frost

## CERTIFICATE OF COMPLIANCE

This brief complies with Texas Rules of Appellate Procedure 9.4 because the sections covered by the rule contain no more than 5559 words. The font used in the body of the brief is no smaller than 14 points, and the font used in the footnotes is no smaller than 12 points.

_____

Russell Frost

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Niki Dashtban on behalf of Russell Frost
Bar No. 24063687
receptionist@russellfrostlaw.com
Envelope ID: 109397399
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellant's Brief_
Status as of 12/23/2025 11:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Duncan Farrish | | duncan@thomaslawtx.com | 12/23/2025 8:49:06 AM | SENT |
| Griffith "Hunter" Thomas II | | hunter@thomaslawtx.com | 12/23/2025 8:49:06 AM | SENT |